## OAKSON v. BEACH.

**Statute of limitations: REVIVAL OF CAUSE OF ACTION.** A letter or writing relied upon as reviving a cause of action barred by the statute of limitations, must, to be available, contain a new promise or an admission of liability. A statement tending to relieve defendant of negligence claimed, and consequent liability, is insufficient.

*Appeal from the Dubuque District Court.*

FRIDAY, JANUARY 25.

THE defendant, who is an attorney at law, executed, at the date thereof, a receipt in the following words: "Received, Dubuque, May 17, 1859, of Wm. Oakson, Sr., $1,600, to be paid to Mr. Lawrence for certain notes held by said Lawrence and made by William B. Oakson, or if the said Lawrence will not take $1,500 or $1,600 for said notes, then the said $1,600 is to be safely loaned in the name of William Oakson, Sr., with ample security; or the said $1,600 is to be returned to the said Wm. Oakson at any time he may order the same before the same may be loaned.

"M. H. BEACH."

The petition alleges the receipt of the money by defendant under the contract set out in the foregoing instrument, that defendant did not pay the same to Lawrence, and did not safely loan the money with ample security, nor return the same to plaintiff, and that plaintiff has not received the money from any other person.

It is also averred "that within ten years before the commencement of the present suit, defendant, in writing, has

admitted the substance of the said contract, and that the cause of action still justly subsists, to wit, by a letter from defendant to plaintiff, bearing date June 6, 1868, a copy of which is given as Exhibit A." The letter referred to gives a history of the transaction, and states that defendant did loan the money, that he did not himself take a mortgage to secure it, but sent to the borrower a mortgage to be executed and given to plaintiff. He states that he received a note for the amount of money payable to plaintiff at ten per cent interest, due in one year. No time is given for this transaction, but it is stated that May 26, 1859, the office of defendant was burned, and whatever papers defendant had belonging to plaintiff were destroyed.

The petition claims damages in the amount of the money paid to defendant, $1,600, with interest. The action was commenced May 11, 1871.

A demurrer to the petition, upon the ground that it shows no cause of action, and that it affirmatively appears therein that the action is barred by the statute of limitation, was sustained by the district court. Plaintiff standing on his petition appeals to this court.

*George Gray* for the appellant cited *Deming* v. *Haney*, 23 Iowa, 77; *Sherman* v. *Western Stage Co.*, 24 id. 515; *Foster* v. *March*, 25 id. 300; *Jayne* v. *Meckey*, Penn. St. 260; U. S. Digest, 28, 403; *Currey* v. *Allen*, 34 Cal. 254; U. S. Digest, 28, 404; *Ezell* v. *Giles Co.*, 3 Head. (Tenn.) 583; U. S. Digest, 28, 404; *Roberts* v. *Armstrong's Adm'r*, 1 Bush (Ky.) 263; U. S. Digest, 28, § 107, p. 404; *Miller* v. *New York*, 53 Barb. 653; U. S. Digest, 29, § 103, p. 434; *Anding* v. *Perkins*, 29 Tex. 348; U. S. Digest, 29, § 114, p. 435; *White* v. *Sheldon*, 4 Nev. 280; U. S. Digest, 29, § 124, p. 437.

*Austin Adams* for the appellee.

BECK, Ch. J. — In the absence of an averment of the time when defendant loaned the money in question, the law will

presume that it was done within a reasonable time. A delay of near two years in making the investment would be unreasonable and would be negligence on the part of defendant. It will be presumed that defendant did not retain the money in his hands so long a time. If the money was loaned before the 11th day of May, 1861, ten years transpired prior to the commencement of the suit. As a delay to that date would be negligence in defendant, the law will presume that prior thereto he had parted with the money. Unless the letter relied upon by plaintiff takes the contract out of the statute the action is barred.

An admission that the debt is unpaid or a new promise to pay, both to be in writing, will revive the cause of action. Rev., § 2751. Has the letter in question this effect? We think not. There is neither an admission of indebtedness or liability, nor a promise to pay any sum to plaintiff. It is in truth rather a statement tending to relieve defendant of any charge of negligence. At all events, there is nothing like a new promise or an admission of liability, and no such interpretation can be put on it by a fair and just construction of its language.

We think the petition was obnoxious to the demurrer on other grounds. But they need not be considered, as the point just determined is decisive of the case.

In our opinion the district court rightly sustained the demurrer; its judgment is, therefore,

Affirmed.